# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

**DKG COMMUNICATIONS, LLC,**
    Plaintiff,

v.     2:24-cv-414-SPC-NPM

**GROUND PENETRATING RADAR SERVICES, LLC,**
    Defendant.

## ORDER

In this breach-of-contract action, plaintiff DKG Communications, LLC alleges that it provided services and products in Florida to defendant Ground Penetrating Radar Services, LLC, but that Radar Services failed to make a requisite $107,537.60 payment. The clerk previously defaulted Radar Services for failing to answer or otherwise defend after being properly served. (Doc. 29). Now, DKG seeks a default judgment, which is unopposed. *See* Local Rule 3.01(c). Its request is based on the contract and invoices attached to the complaint (Doc 31-1), so the requested judgment does "not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). And because the claim is for "a sum that can be made certain by computation," the clerk may enter the judgment without court review. Fed. R. Civ. P. 55(b)(1).[1]

---

[1] *See also* 28 U.S.C. § 636(b)(3).

The amended complaint alleges personal and subject-matter jurisdiction.[2] Plaintiff DKG is a citizen of Florida, and defendant Radar Services is a citizen of Georgia (and it was served in Florida at a registered agent's address). The amount in controversy plainly exceeds $75,000. (Doc. 18 at 2). As alleged,[3] the parties entered a written contract in August 2023; DKG provided products and services, and Radar Services failed to pay.

The complaint, contract, and invoices supplied in support of the request for default judgment demonstrate a sum of damages that can be made certain by computation. (Docs. 18, 31, 31-1). DKG requests **$107,537.60** as follows:

- $60,126.50 for an invoice dated September 26, 2023 (Doc. 31-1 at 5),
- $14,716.30 for an invoice dated October 26, 2023 (Doc. 31-1 at 6),
- $27,676.40 for an invoice dated November 17, 2023 (Doc. 31-1 at 7), and
- $5,018.40 for an invoice dated November 29, 2023 (Doc. 31-1 at 8).

Accordingly, the clerk of court is directed to **GRANT** plaintiff DKG's request (Doc. 31) and enter a default judgment in its favor for **$107,537.60**. The judgment need not contain any express reference to post-judgment interest because such interest will automatically accrue by statute. *See* 28 U.S.C. § 1961(a).

---

[2] *See* 28 U.S.C. § 1332(a)(1).

[3] By failing to answer, Radar Services has admitted to the complaint's allegations other than those relating to the amount of damages. *See* Fed. R. Civ. P. 8(b)(6).

To tax costs, DKG must file a proposed Bill of Costs (AO Form 133) and its required documentation within a reasonable time after the entry of judgment. We will address DKG's request for fees separately.

**ORDERED** on September 25, 2025

_____
NICHOLAS P. MIZELL
United States Magistrate Judge